**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEON VAN WINKLE,

    Plaintiff,

v.                                                    Case No. 1:22-cv-00261

MARATHON PETROLEUM
CORPORATION; MARATHON
PETROLEUM LOGISTICS
SERVICES LLC; MARATHON
PETROLEUM COMPANY LP,

    Defendants.

## **NOTICE OF REMOVAL**

Defendants Marathon Petroleum Corporation, Marathon Petroleum Logistics Services LLC, and Marathon Petroleum Company LP (collectively "Defendants"), by and through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of this litigation from the First Judicial District Court of New Mexico to the United States District Court for the District of New Mexico.

Federal jurisdiction exists in this action because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Defendants file this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in state or federal court. As grounds for removal, Defendants state as follows:

1. On or about March 4, 2022, Plaintiff Leon Van Winkle filed his Original Complaint for Personal Injuries (the "Complaint") in *Leon Van Winkle v. Marathon Petroleum Corporation, et al.*, Case No. D-117-CV-2022-00070, previously pending in the First Judicial District Court of New Mexico, Rio Arriba County. Plaintiff alleged that he was injured in two incidents involving chemical exposures at Defendants' oil refinery located in Gallup, New Mexico. *See* Compl. ¶ 8.

2. As set forth more fully below, this case is properly removed because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy with respect to all claims exceeds $75,000, exclusive of interest and costs. Further, there is complete diversity of citizenship between the parties because Plaintiff is a citizen of Arizona and Defendants are citizens of Ohio and Delaware.

## I. The Procedural Requirements of Removal Are Met.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other documents filed in the state-court action are attached hereto as Exhibit A.

4. Defendants were served with a summons and a copy of the Complaint on March 15, 2022. Accordingly, removal is timely as this Notice is being filed within thirty (30) days after service of process. *See* 28 U.S.C. § 1446(b).

5. The United States District Court for the District of New Mexico is the proper venue for this action under 28 U.S.C. § 1446(a). Section 1446(a) requires the defendant to remove the case to the "district and division embracing the place where such action is pending." Pursuant to 28 U.S.C. § 111, the United States District Court for the District of New Mexico is the federal jurisdiction encompassing the First Judicial District Court for Rio Arriba County, New Mexico, where this lawsuit was pending. Accordingly, venue is proper in this district under 28 U.S.C. § 1441(a).

6. As discussed more thoroughly in **Part II** *infra*, Defendants are not citizens of New Mexico, the state where this action was brought, *see* 28 U.S.C. § 1441(b)(2), nor citizens of the State of Arizona, the state of which Plaintiff is a citizen. *See* Compl. ¶ 1.

7. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants properly joined and served consent to this Removal.

2

8. A copy of this Notice of Removal is being served on Plaintiff and a copy is being filed with the state court. *See* 28 U.S.C. § 1446(d).

9. If any question arises about this removal, Defendants respectfully request the opportunity to present briefing and oral argument in support of removal.

## II. Removal Is Proper Because This Court Has Subject-Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441.

10. Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Congress gave federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Here, the Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

### A. The Amount-in-Controversy Requirement Is Satisfied.

11. Although here the Complaint is silent on the specific amount of damages sought, "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount [in controversy]." *See Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1202 (D.N.M. 2012) (citing *McPhail*, 529 F.3d at 955) (Browning, J.). "[I]n the absence of an explicit demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.*; *Enriquez v. Almaraz*, No. 19-CV-15-MV-KBM, 2019 WL 2330880, at *1 (D.N.M. May 31, 2019).

12. "The Supreme Court of the United States of America recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Graham v. Troncoso*, 2015 WL 1568433, at *6 (D.N.M. Mar. 30, 2015) (citing *Dart Cherokee Basin Operating Co. v. Owen*, 135 S.Ct. 547, 554 (2014)). The district court should consider outside evidence to find whether the amount in controversy requirement is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

13. "A defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954.

14. Here, the face of the Complaint reveals that the amount-in-controversy requirement is satisfied. Plaintiff has alleged that he was injured as a result of two incidents involving chemical exposures at an oil refinery in Gallup, New Mexico. Compl. ¶ 8. Plaintiff contends that after one of the exposures, he "immediately felt pins and needles to his face and burning in his lungs." Compl. ¶ 12. After the second exposure, Plaintiff alleged that his "face began to burn." Compl. ¶ 15. As a result of these alleged injuries, Plaintiff seeks damages for past and future medical care, past and future pain and suffering, loss of enjoyment of life, disability and physical impairment, disfigurement, lost earnings, and lost earning capacity. *See* Compl. ¶¶ 28–35.

15. Courts have routinely held that when plaintiffs, as here, "allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount . . . ." *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (collecting cases); *see also Aranda*, 884 F. Supp. 2d at 1207 (holding that the amount-in-controversy requirement was met where the plaintiff claimed to have "suffered serious, permanent injuries, which required medical intervention,

surgery, and time away from work, and which left him with a need for future medical treatment, a limp, and an inability to perform major life activities").

16. Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying matter. *See, e.g. Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc. of Montgomery, Alabama,* 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir. 1994).

17. In addition to compensatory damages, Plaintiff also seeks to recover punitive damages. *See* Compl. ¶ 36. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003); *see also Woodward v. Newcourt Commercial Finance Corp*., 60 F.Supp.2d 530, 532 (D.S.C. 1999) (Plaintiff's "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). Here, Plaintiff contends that Defendants' actions were "malicious, willful, reckless, and/or wanton." Compl. ¶ 25. Accordingly, the fact that Plaintiff seeks to recover punitive damages further pushes the amount in controversy over the jurisdictional limit.

18. Considering the nature of Plaintiff's alleged injuries and the scope of the damages sought, Plaintiff's claims plainly satisfy the amount-in-controversy requirement.

**B.      Complete Diversity of Citizenship Is Present.**

19. There is complete diversity of citizenship between the parties. Complete diversity exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

20. Defendant Marathon Petroleum Corporation is, and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business in Ohio. *See* Ex. B, Shane Pfleiderer Aff. ¶¶ 4–5. Accordingly, Marathon Petroleum Corporation is deemed to be a citizen of Delaware and Ohio for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

21. Defendant Marathon Petroleum Company LP is, and was at the time Plaintiff commenced this action, a Delaware limited partnership. *See* Ex. B, Pfleiderer Aff. ¶ 6. A limited partnership is a citizen of each state where its members are citizens. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). Marathon Petroleum Company LP has three members: Giant Industries, Inc., Marathon Petroleum Corporation, and MPC Investment LLC. *See* Ex. B, Pfleiderer Aff. ¶ 6.

22. The citizenship of Defendant Marathon Petroleum Company LP's members is, and was at the time Plaintiff commenced this action, as follows:

   a. Giant Industries, Inc. is a Delaware corporation with its principal place of business in Ohio, *see id*. ¶ 7;

   b. Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Ohio, *see id*. ¶¶ 4–5;

   c. MPC Investment LLC is a Delaware limited liability company whose sole member is Marathon Petroleum Corporation, *see id.* ¶ 8.

23. Accordingly, Marathon Petroleum Company LP is deemed to be a citizen of Delaware and Ohio for purposes of federal diversity jurisdiction.

24. Defendant Marathon Petroleum Logistics Services LLC is, and was at the time Plaintiff commenced this action, a Delaware limited liability company whose sole member is Marathon Petroleum Company LP. *See id*. A limited liability company is a citizen of all states

where its members are citizens. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015). As shown above, Marathon Petroleum Company LP is a citizen of Delaware and Ohio. Therefore, Marathon Petroleum Logistics Services LLC is also a citizen of Delaware and Ohio.

25. Plaintiff's Complaint alleges that he is a citizen of Arizona. Compl. ¶ 1.

26. Accordingly, Defendants are citizens of Delaware and Ohio, whereas Plaintiff is a citizen of Arizona. Because the citizenship of Plaintiff is diverse from the citizenship of each Defendant, there is complete diversity of citizenship between the parties.

## CONCLUSION

WHEREFORE, notice is given that this action is removed from the First Judicial District Court of New Mexico to the United States District Court for the District of New Mexico.

Dated: April 6, 2022                           Respectfully submitted,

                                            MODRALL, SPERLING, ROEHL, HARRIS
                                               & SISK, P.A.

                                            By: */s/ Earl E. DeBrine, Jr.*
                                               Earl E. DeBrine, Jr.
                                               Alex C. Walker
                                               Bryce H. Smith
                                               Post Office Box 2168
                                               500 Fourth St. N.W., Ste. 1000
                                               Albuquerque, New Mexico 87103-2168
                                               Telephone: (505) 848-1800
                                               edebrine@modrall.com
                                               awalker@modrall.com
                                               bsmith@modrall.com

                                              *Attorneys for Defendants*

     WE HEREBY CERTIFY that on the 6th day of April, 2022, we filed the foregoing electronically through the CM/ECF system and served the following counsel via electronic mail:

Meghan Mitchell
FADDUOL, CLUFF, HARDY & CONAWAY, P.C.
1115 Broadway
Lubbock, Texas 79401
(806) 763-9377
mmitchell@fchclaw.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Earl E. DeBrine, Jr.*
   Earl E. DeBrine, Jr.

*Y:\dox\client\10495\0005\PLEADING\W4372618.DOCX*